CASE No. 903.

### CHERAW & CHESTER RAILROAD COMPANY v. GARLAND.

1. Nos. 1, 2, 3 and 4 of the syllabus in Cheraw and Chester Railroad Company *v.* White, *ante p.* 51, re-affirmed.
2. There is nothing in the charter of the Cheraw and Chester Railroad Company (15 *Stat.* 442) which requires its whole capital stock to be subscribed before calls are made for the payment of subscriptions; and therefore stock subscriptions may be made payable upon such terms as are agreed upon between the corporation and the stockholders.
3. When a contract does not call for any demand of payment by specified persons or in a particular mode, a general demand is all that need be alleged in the complaint.
4. An omission to state in the complaint that plaintiff was ready to perform his part of the contract sued upon, does not affect the substantial rights of the defendant; and the judgment of the Circuit Court disregarding such omission may not be reversed on appeal. *Code,* § 199.
5. Complaint alleged the subscription by defendant to the stock of plaintiffs' company of fifty acres of land, and a refusal to convey, and demanded payment in money for the land so subscribed, without alleging a promise to pay money or a previous demand for money—*Held,* on demurrer, to state facts sufficient to constitute a cause of action.

Before WALLACE, J., Chesterfield, January, 1879.

This case was heard in conjunction with the next preceding case. The differences between the complaint and demurrer there and here are sufficiently indicated in the opinion of the court.

The judgment of the Circuit Court was as follows:

This is an action brought by the plaintiff to recover the value of a landed subscription to the capital stock of the Cheraw and Chester Railroad Company. The defendant has filed a demurrer on two grounds, with several specifications thereunder. One ground is that the plaintiff has not legal capacity to sue. And the other is that the complaint does not state a cause of action. The specifications are, some of them, the same as set forth in the demurrer in the case of these plaintiffs *v.* Ellison B. White, and some of them a little different, but they are all substantially the

same. So the court refers to the decree made in that case as setting forth more in detail the conclusions reached by the court. The court, after a careful consideration of the grounds of demurrer and the various specifications thereunder, concludes that the complaint for the purposes of substantial justice between the parties is sufficient and the demurrer is therefore overruled. The defendant, on the payment of all costs that have accrued up to this time, may be allowed to answer over.

Defendant appealed.

*Messrs. Prince & Caston,* for appellants.

*Messrs. R. E. Allison* and *M. J. Hough,* contra.

August 14th, 1880. The opinion of the court was delivered by

WILLARD, C. J. This is an action for recovering the amount of $250, alleged to have been subscribed by the defendant to the capital stock of the plaintiff corporation, payable by the conveyance to the plaintiff of a designated lot of land, estimated by the agreement of the parties as of that value. The defendant demurred on several grounds, which demurrer was overruled, and the defendant appeals from such ruling.

The first ground of demurrer objects to the legal capacity of the plaintiff to sue. This objection is disposed of by the judgment of this court on the same question, rendered in the case of the same plaintiff *v.* E. B. White. The complaint in this case sets forth the fact of incorporation directly, and not merely inferentially, and, accordingly, as the question of due incorporation is one of fact, as was held in the case to which reference has just been made, it must be regarded as admitted by the demurrer.

This case appears to have been heard at the Circuit in conjunction with that' of the same plaintiffs against White. The opinion and judgment rendered in that case is set forth in the record as the judgment in the present case, and the grounds of appeal have critical reference to the line of reasoning pursued by the Circuit Court in that case. As there is a very decided difference in the questions presented in the two cases, as it regards the

second ground of demurrer, it will not be serviceable to follow the grounds advanced by way of appeal, but to consider whether the grounds of demurrer give proper support to the conclusion of the Circuit Court.

The objections that go to make up the second ground of demurrer, which is that the complaint does not state facts sufficient to constitute a cause of action, will be considered in the order stated in the demurrer. The first is, that the complaint does not state that the subscription to the capital stock of $1,000,000 was ever received, and that the directors were ever authorized to make calls for assessments or payment of subscriptions. There is nothing in the act chartering the plaintiff that requires that the whole capital stock should be subscribed before calls are made for the payment of subscriptions, or before subscriptions made without specific limitations as to the time of payment should become due. There is, therefore, nothing to prevent the parties from making the contract alleged in the complaint and admitted by the demurrer. The contract, as alleged, is to pay "when required," the amount subscribed, in the manner agreed upon, namely, by the conveyance to the plaintiff of the land bargained for. A breach of this contract is alleged and admitted by the demurrer. The second objection is, that it is not alleged "that any call was made by the directors for any payment." The contract, as laid in the complaint, does not require that any call should be made by the directors for payment, nor prescribe any particular mode of demand, so the allegation of a general demand was all that could be required of the complaint, and this is fully made.

The third objection is, that it is not alleged "that the plaintiff was ready, on his part, to perform the contract on a conveyance by defendant." The omission to state that the plaintiff was *ready* to perform, is immaterial. If there was any ground for an issue as to the ability of the plaintiff to perform its part of the contract, such issue could be properly tendered by the defendant in his answer. As the burden of proof under such an issue lay, at all events, with the defendant, it is evident that such omission did "not affect the substantial rights of the adverse party," and, therefore, under Section 199 of the code,

E

the Circuit Court was bound to disregard it, and this court is in terms excluded from reversing the judgment of the Circuit Court by reason of any such omission.

The fourth objection is, " to the want of an allegation of a demand for the payment *in money* for said stock." The contract, as laid, does not admit of a demand for the payment of money for the stock, as, by the agreement, payment was to be made in a different manner. The breach follows the contract as laid, and that is all that is required.

The fifth objection assumes that a recovery cannot be had for the money value of the land agreed to be conveyed ; but, that to warrant such recovery a promise to pay money must be set forth. The question of the measure of damages on the breach of the contract to convey is not before us on the demurrer, and need not be considered. It is enough if it appears that some damage has resulted to the plaintiff, and that appears as a necessary legal inference from the nature of the contract and breach alleged.

There is no error in the judgment overruling the demurrer, and the appeal must be dismissed.

McIVER and McGOWAN, A. J.'s, concurred.